TRULINCS 63656054 - RIZVI, IFTIKHAR ALI - Unit: NYM-K-N

----------------------------------------------------------------------------------------------------

FROM: 63656054
TO:
SUBJECT:
DATE: 04/04/2013 08:22:01 PM

IFTIKHAR ALI RIZVI
REGISTER NO. 63656-054
MCC NEW YORK
150 PARK ROW
NEW YORK, NEW YORK 10007

APRIL 5, 2013

THE HONORABLE DENISE L. COTE
UNITED STATES DISTRICT JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
500 PEARL STREET
NEW YORK, NEW YORK 10007

   Re: UNITED STATES v. IFTIKHAR ALI RIZVI, DOCKET NO. 10-CR-856 (DLC)

Dear Judge Cote:

   The undersigned defendant respectfully submits this letter-motion, pro se, seeking his release from federal custody pursuant to Rule 32.1(a)(6) of the Federal Rules of Criminal Procedure and 18 U.S.C. 3143(a)(1), on the impending supervised release violation. For the reasons that follow, this application should be granted.

   On or about March 6, 2013, an arrest warrant was issued for the undersigned -- who was in the custody of the New York City Department of Corrections -- for allegedly violating conditions of his supervised release. The undersigned was transferred from state custody to federal custody. However, the state charges remain pending. The federal matter has been adjourned to September 20, 2013. The undersigned's continued detention in federal custody impedes his ability to prepare a defense to the state charges. His continued federal confinement also impairs his ability to communicate with counsel -- whose primary (if not exclusive) practice is in the area of state criminal matters. While in federal detention, the undersigned can only expect to confer with state counsel during scheduled appearances -- insofar as regular transfers to and from state court will not present any another issues.

   Rule 32.1(a)(6) of the Federal Rules of Criminal Procedure and 18 U.S.C. 3143(a)(1) provide that a defendant shall be detained pending a revocation hearing "unless the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger..." {18 U.S.C. 3143(a)(1)} In such cases where the Court finds that a defendant is not likely to flee or pose a danger, Section 3143(a)(1) appears to mandate release. In the present case, release is mandated.

   It should be noted that the record is clear that the defendant will neither pose a danger nor flee if he were released on the supervised release violation. This is because if the defendant is released, he will be returned to the custody of the New York City Department of Corrections where he will remain until trial. Indeed, bail in the amount of $100,000 was set in the state case, and the undersigned had no possibility of posting such. Under these circumstances, the Court must find that clear and convincing evidence establishes that the defendant is not likely to flee nor pose a danger to another person or the community at large.

   Wherefore, for the reasons stated, the undersigned respectfully requests that the Court promptly scheduled this matter for a conference and/or order the defendant released on the supervised release violation, pending the outcome of the state trial, in the interest of justice and to prevent a complete miscarriage thereof.

Respectfully submitted,

IFTIKHAR ALI RIZVI

cc: U.S. ATTORNEY'S OFFICE (SDNY)

NEW YORK NY 100
05 APR 2013 PM 9 L

USM
SDNY

IFTIKHAR ALI RIZVI
REG. NO. 63656-054
150 PARK ROW
N.Y. N.Y. 10007

The Honorable Denise Cote
U.S. District Judge
U.S. District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

USM P3 SDNY

Case 1:10-cr-00856-DLC   Document 191   Filed 04/11/13   Page 3 of 3